# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4297/00-1158

_____

| | |
|---|---|
| Augustine Medical, Inc., | * |
| | * |
| Cross-Appellant/Appellee, | * |
| | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota |
| Blue Ridge Anesthesia & | * |
| Critical Care, Inc., | * [UNPUBLISHED] |
| | * |
| Appellant/Cross-Appellee. | * |
| | * |
| | * |

_____

Submitted: November 13, 2000
Filed: January 12, 2001

_____

Before MORRIS SHEPPARD ARNOLD and JOHN R. GIBSON, Circuit Judges,
and GOLDBERG,[1] Judge.

_____

PER CURIAM.

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of
International Trade, sitting by designation.

Appellant, Blue Ridge Anesthesia & Critical Care, Inc. ("Blue Ridge") appeals the decision of the district court[2] to dismiss all claims against Appellee Augustine Medical Inc. ("Augustine"). Augustine cross-appeals on alternative grounds. We affirm the decision of the district court.

Augustine manufactures medical warming blankets. On June 1, 1992, Blue Ridge and Augustine entered into a written distribution agreement ("Agreement") whereby Blue Ridge was to distribute Augustine's product to end users in specific geographic regions.

The Agreement was valid for a term of three years, but included the following renewal clause:

> This agreement shall be renewed for additional consecutive periods of one (1) year if the Distributor and the Company have agreed in writing to Quotas for each three-month period in such renewal term not less than ninety (90) days prior to the expiration of the existing term of this Agreement . . . This Agreement may be terminated by the Company with written notice effective as of the end of the initial or any renewal term if the Distributor and Company have not so agreed on sales quotas in writing within such period of ninety (90) days.

After effecting the Agreement, the parties did not further agree in writing to renewal quotas. Augustine sent Blue Ridge a written notice of nonrenewal and termination on March 30, 1995.

---

[2] The Honorable James Rosenbaum, District Judge, United States District Court for the District of Minnesota.

On March 8, 1998, a magistrate judge conducted an evidentiary hearing on Augustine's Motion for Partial Summary Judgment against Blue Ridge as to the contract issue. After the hearing, the magistrate judge issued a report and recommendation finding that Augustine was entitled to decline to renew the Agreement as Augustine and Blue Ridge had not agreed in writing to renewal quotas. The magistrate judge also found that Augustine was not under any contractual duty to negotiate for renewal quotas. See Sterling Capital Advisors, Inc. v. Herzog, 575 N.W.2d 121, 125 (Minn. Ct. App. 1998). The district court adopted the magistrate judge's report and recommendation and issued an order granting Augustine's Motion for Partial Summary Judgment.

After careful review, we agree with the district court that the unambiguous language of the Agreement created no obligation for Augustine to negotiate or agree to renewal quotas. See Barry v. Barry, 78 F.3d 375, 382 (8th Cir. 1996). Without an accord as to renewal quotas, neither party had an obligation to renew the term of the Agreement. Accordingly, we affirm the judgment of the trial court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.